IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PATRICK B. GROSSMAN,

        Petitioner,

    vs.                        **Case No. 04-3235-RDR**

LOUIE E. BRUCE, et al.,

        Respondents.

_____

<u>**MEMORANDUM AND ORDER**</u>

This is an action brought by the petitioner proceeding <u>pro se</u> pursuant to 28 U.S.C. § 2254 challenging the determination made and the sentence imposed in a prison disciplinary proceeding.  Having carefully reviewed the arguments of the parties, the court is now prepared to rule.[1]

I.

Petitioner seeks relief based upon 28 U.S.C. § 2254.  However, because he is challenging the execution of his sentence, and not the conviction and sentence itself, his petition must be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>See</u> <u>McIntosh v. United States Parole Comm.</u>, 115 F.3d 809, 811 (10th Cir. 1997); <u>Bradshaw v.</u>

_____

[1] Petitioner has filed a motion for evidentiary hearing.  He seeks an evidentiary hearing on his petition and the appointment of counsel for that hearing.  The court finds it unnecessary to hold an evidentiary hearing.  The record before the court provides the necessary material for consideration of the claims raised by the petitioner.  Accordingly, this motion shall be denied.

<u>Story</u>, 86 F.3d 164, 165 (10th Cir. 1996); <u>Childers v. Champion</u>, 2000 WL 1472426 at * 2 (10th Cir. 10/4/2000).

Petitioner is a Kansas prisoner currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.  In his petition, he asserts primarily that he was denied constitutional due process rights in the course of prison disciplinary proceedings.  Petitioner points to the following contentions in support of his denial of due process claim:  (1) the evidence in support of the disciplinary findings was insufficient; (2) he was denied the right to confront and cross-examine witnesses; (3) he was denied the right to call witnesses; (4) he was denied the right to present evidence; (5) he was denied an adequate hearing record; and (6) he was denied a fair and impartial hearing officer.  He further contends that the punishment resulting from those disciplinary proceedings constituted cruel and unusual punishment and that the disciplinary actions violated his constitutional protection against double jeopardy.

II.

On December 23, 2002, the petitioner was placed in administrative segregation based upon a potential charge of incitement to riot.  The allegation arose from an incident in the prison dining area on December 21, 2002.  A charge of

2

incitement to riot was subsequently filed against the petitioner on December 24, 2002.  The report in support of the charge was written by a prison employee who was not a witness to the offense.  The reporting officer had interviewed another officer who was present at the time and had also interviewed the petitioner.  The petitioner sought to have the officer who was present at the time of the incident appear at the hearing on this charge.  He filed a timely request for the officer and indicated that this officer would testify about "events witnessed in the dining room on December 21, 2002."

The reporting officer testified at the hearing on January 2, 2003.  He testified concerning his interview with the petitioner.  The record of the disposition of the case indicates he testified that the petitioner had stated after the incident that "he had in fact been involved in the situation at South Unit."  He further provided a narrative from the officer who had been present during the incident.  The witnesses requested by the petitioner, including the officer who had present at the incident, were denied "due to no pre-hearing disclosure."  The petitioner testified on his own behalf and stated that he was not guilty.  He asserted that the report of the reporting officer was "full of untruths."  He also suggested that the testimony offered by the prison authorities was based solely on

hearsay since the officer who was present at the time of the
incident did not testify.   Petitioner was found guilty of
incitement to riot in violation of Kansas Administrative
Regulation (K.A.R.) 44-12-319 and sentenced to 45 days of
disciplinary segregation, 60 days restriction time, 6 months
loss of good time and a $20.00 fine.

In placing the petitioner in administrative segregation on
December 23, 2002, prison officials searched his cell.   Various
items were confiscated as possible contraband.   He was
thereafter charged with possession of less dangerous contraband.
A hearing on the charge was held on January 2, 2003.   Prior to
the hearing, petitioner had timely requested the presence of one
correctional officer as a witness.   The witness requested was
denied as "not available or living in [segregation] unit."   The
only evidence offered in support of the charge was the reporting
officer's report.   Petitioner testified on his own behalf.   He
was found guilty of possession of less dangerous contraband in
violation of K.A.R. 44-12-902 based upon the possession of onion
skin paper that contained tattoos.   He was sentenced to 30 days
restricted time and 7 days of disciplinary segregation.

The petitioner exhausted his administrative remedies on
these convictions and the Secretary of Corrections ultimately
affirmed them.   The petitioner then filed a petition for writ of

4

habeas corpus pursuant to K.S.A. 60-1501 in the District Court of Reno County, Kansas.  He alleged, inter alia, that his due process rights had been violated by the disciplinary proceedings.  On March 25, 2003, the state court reviewed the petitioner's pleadings and determined that petitioner was afforded due process.  The court further found that some evidence existed to support the disciplinary convictions, and that the Department of Corrections had the authority to seize the items designated as contraband.  The court, however, set the matter for a hearing before another judge to ensure a complete review.  On April 25, 2003, the court affirmed the findings made in the March 25th order and denied relief.  Petitioner appealed the district court's ruling to the Kansas Court of Appeals.  On appeal, petitioner raised a number of issues.  The Kansas Court of Appeals affirmed the district court with one judge dissenting on petitioner's conviction of less dangerous contraband.  On May 25, 2004, the Kansas Supreme Court denied review.  The petitioner filed the instant case on July 29, 2004.

III.

The respondents contend the petitioner has defaulted upon his claims of cruel and unusual punishment and double jeopardy. The respondents point out that the petitioner failed to raise these claims in the petition he filed in state court or on

5

appeal.   Petitioner has replied in this traverse that he did indeed raise these claims in his state court petition.[2]   He suggests that the state district court simply failed to address them.

The court has carefully examined the petition filed by the petitioner in state court.  Petitioner is correct that he does assert that the actions of the respondent have violated his "Constitutional Right to . . . freedom from cruel and unusual punishment."   The petition, however, contains no allegations concerning how this occurred.   The petitioner is incorrect concerning any allegation of double jeopardy.  The court sees no reference to that in the petition.

The state district court made no mention of these claims in its orders.  Moreover, the petitioner was unconcerned by the district court's failure to address them because he made no mention of them in the eleven issues he raised on appeal.

While no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that

_____

[2] After petitioner filed his traverse, he filed a motion to amend his petition.  He apparently sought to avoid any argument that these claims had not been exhausted.   The court subsequently allowed petitioner to amend his petition to delete paragraphs 78 and 79.   The court is not persuaded that the elimination of these paragraphs has any impact on the exhaustion issues raised by the respondents.   Accordingly, the court will continue to address them.

claims raised in § 2241 petitions must be exhausted before a federal court will hear them. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "In order to exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002), cert. denied, 537 U.S. 1173 (2003).

Dismissal of claims for failure to exhaust is not appropriate where state courts would find those claims procedurally barred. Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999), cert. denied, 531 U.S. 833 (2000). Under Kansas law, petitioner's claims of cruel and unusual punishment and double jeopardy are deemed defaulted because he could have raised them in his initial petition. See Walker v. State, 216 Kan. 1, 530 P.2d 1235, 1238 (1975) ("When a petitioner, in [a habeas corpus motion], sets out a ground or grounds for relief, he is presumed to have listed all the grounds upon which he is relying, and a second motion in which additional grounds for relief are alleged may be properly denied."); see also State v. Neer, 247 Kan. 137, 795 P.2d 362, 365-66 (1990) ("[T]hose issues that could have been presented [on appeal], but were not

presented are deemed waived.  Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding.").  Where, as here, full exhaustion is precluded by petitioner's failure to raise these claims in the state habeas proceedings, he is barred from federal habeas review of these claims unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

Petitioner's claims of cruel and unusual punishment and double jeopardy are procedurally defaulted.  Petitioner does not allege, let alone demonstrate, "cause or prejudice" or a fundamental miscarriage of justice with regard to these claims.

IV.

With this decision, we turn to petitioner's due process claims.  Kansas inmates possess a liberty interest in good time credits and thus are entitled to the minimal safeguards afforded by the Due Process Clause prior to revocation of those credits.  See Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  When a prison disciplinary hearing may result in the loss of good time credits, a prisoner must receive:  (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent

with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996) (citation omitted). In addition, "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institute v. Hill, 472 U.S. 445, 454-56 (1985) (citation omitted).

The court need only consider the disciplinary actions taken against the petitioner concerning the incitement to riot charge. The court need not consider the disciplinary action taken concerning the possession of less dangerous contraband because the punishment involved only disciplinary segregation of 7 days and restriction time of 30 days. Sandin v. Conner, 515 U.S. 472, 486 (1995) (discipline in the form of segregated confinement does not present the "type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); see also Collier v. Nelson, 246 F.3d 679, 2000 WL 1809084 (10th Cir. 2000) (table case); Murphy v. Nelson, 260 Kan 589, 921 P.2d 1225, 1235 (1996) (Kansas prisoner has no liberty

9

interest in confinement in general population).  Petitioner has made no showing that the punishment he suffered as a result of the conviction for possession of less dangerous contraband presented the type of atypical, significant deprivation that would implicate a liberty interest.[3]

In turning to the incitement to riot disciplinary conviction, the court has carefully reviewed the administrative record.  As correctly pointed out by the petitioner, the record is rather sparse.  Nevertheless, there is enough there for the court to conclude that the finding of the prison disciplinary hearing officer is supported by some evidence.  The Supreme Court has observed that, in ascertaining whether a fact finder's decision in a prison disciplinary hearing is sufficiently supported by the evidence, a reviewing court need not undertake an "examination of the entire record, independent assessment of witnesses' credibility or weighing of the evidence. Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56.  Moreover, the decision can be upheld

---

[3] Even if the court were to consider the merits of petitioner's due process claims concerning this conviction, we would find that these claims lack merit.  A review of the record reveals that some evidence exists to support this conviction. Moreover, the court finds that the petitioner received due process in the course of the proceeding on this charge.

even if the evidence supporting the decision is "meager." <u>Id</u>.
at 457.  The court finds that due process was satisfied by the
decision here.

The court is also not persuaded that petitioner's due
process rights were violated when his request for witnesses at
the disciplinary hearing was denied.  As stated previously, due
process requires that an inmate faced with possible revocation
of good time credits be afforded the right to call witnesses in
his defense.  <u>Wolff</u>, 418 U.S. at 566.  The right, however, is
subject to qualifications:

> Ordinarily, the right to present evidence is basic to
> a fair hearing; but the unrestricted right to call
> witnesses from the prison population carries obvious
> potential for disruption and for interference with the
> swift punishment that in individual cases may be
> essential to carrying out the correctional program of
> the institution. . . . [W]e must balance the inmate's
> interest in avoiding loss of good time against the
> needs of the prison, and some amount of flexibility
> and accommodation is required.  Prison officials must
> have the necessary discretion to keep the hearing
> within reasonable limits and to refuse to call
> witnesses that may create a risk of reprisal or
> undermine authority. . . . Although we do not
> prescribe it, it would be useful for the Committee to
> state its reason for refusing to call a witness,
> whether it be for irrelevance, lack of necessity, or
> the hazards presented in individual cases.

<u>Id</u>.

As the aforementioned language suggests, prison officials
are granted considerable discretion in addressing inmates'
requests for witnesses.  The Court did not intend to impose an

11

onerous burden on prison officials in conducting disciplinary hearings, and the range of permissible reasons for denying a witness request is quite broad. As the Court stated in a subsequent case, "[S]o long as the reasons [for denying a witness request] are logically related to preventing undue hazards to institutional safety or correctional goals, the explanation should meet the due process requirements outlined in Wolff." Ponte v. Real, 471 U.S. 491, 497 (1985).

Prison officials here considered the petitioner's request and denied it. In determining whether a witness was properly excluded from a disciplinary hearing, a reviewing court must accord due deference to the decision of the hearing officer. The court is not persuaded that an error was made in this decision. Accordingly, the court finds no merit to this claim.

The court also finds no merit to the petitioner's claims that he was denied (1) the right to confront and cross-examine witnesses, (2) the right to present evidence, and (3) the right to an adequate record. The right to confront and cross-examine witnesses is left to the sound discretion of prison officials. Wolff, 418 U.S. at 569. The court finds no abuse of discretion here. Moreover, the record shows that petitioner was allowed to present evidence on his own behalf. The evidence before the court also provides an adequate record for review. In sum, the

court finds no support for any of these claims.

Finally, the court finds no support for petitioner's due process claim that the hearing officer at the disciplinary hearing was biased against him.  Though a prisoner's rights "may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime."  Wolff, 418 U.S. at 555.  "[A]n impartial decision-maker is a fundamental requirement of due process . . . fully applicable" in the prison context.  Id. at 592 (Marshall, J., concurring).  "[D]ue process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case."  Id.

There is no showing that the hearing officer had any personal involvement in the case, neither in the investigation nor in the prosecution of the case.  Moreover, petitioner has failed to make any showing of personal bias against him by the hearing officer.  Accordingly, the court also finds no merit to these claims.

V.

In sum, the court finds no error of constitutional dimension occurred.  Petitioner's claims must be denied.

13

**IT IS THEREFORE ORDERED** that petitioner's motion for hearing (Doc. # 12) be hereby denied.

**IT IS FURTHER ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1), which the court has construed under 28 U.S.C. § 2241, shall be denied.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2005 at Topeka, Kansas.


                          s/Richard D. Rogers
                          United States District Judge

14